# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

ISLAND SERVICES, INC.,       :
        Plaintiff,       :
        v.       :  CIVIL ACTION NO.
               :  1:09-CV-0078-JOF
UNIVERSAL STEEL STRUCTURES, :
INC.,       :
        Defendant.       :

## OPINION AND ORDER

The instant matter is before the court on Island Services, Inc.'s Petition to Confirm Arbitration [1]. In January 2004, the parties entered into a contract relating to a construction project located in Ocean City, MD. The contract contained a provision stating that all controversies between the parties would be subject to binding, final, and non appealable arbitration and agreed that this court could enter a judgment on any award resulting from arbitration. A dispute arose between the parties which Plaintiff sought to arbitrate. Universal Steel Structures failed to appear, and the arbitrator entered an award in November 2008 in favor of Plaintiff and against Universal Steel Structures. Universal Steel Structures has failed to voluntarily satisfy the award. Plaintiff now moves this court to enter an order confirming the November 2008 award under section nine of the Federal Arbitration Act, 9

U.S.C. § 1, *et seq.* ("FAA"), to enter a judgment, and to award it costs and fees for bringing the instant motion.

Section nine of the FAA states:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

Section ten of the FAA grants the court the authority, upon the application of any party to the arbitration, to vacate arbitration awards that were procured by corruption, fraud or undue means or were determined by a partial or misbehaving arbitrator. Section eleven of the FAA grants the court the authority, upon the application of any party to the arbitration, to modify or correct an award if it contains a miscalculation or addresses matters which were not before the arbitrator.

Here, the parties agreed to binding arbitration and determined that this court should enter judgment. Plaintiff has timely filed its petition to confirm. No party has moved this court to vacate or modify the relevant arbitration award. Universal Steel Structures has not responded to this petition. As such, this court CONFIRMS the November 8, 2008 arbitration award in favor of Plaintiff and enters a JUDGMENT of $196,741.65 against

2

Universal Steel Structures consistent with that award. The court declines to award Plaintiff fees and costs for bringing this motion.

**IT IS SO ORDERED** this 12th day of June 2009.

                                                      s/ J. Owen Forrester
                                                    J. OWEN FORRESTER
                         SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)